UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MATEUSZ PODSKARBI,<br><br>                                    Petitioner,<br><br>v.<br><br>KRISTI NOEM, *et al.*,<br><br>                                   Respondents. | Case No.:  26-cv-1862-JO-AHG<br><br><br>**ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS [DKT. 1]** |

For the reasons stated at Dkt. 5, the Court GRANTS the habeas petition [Dkt. 1] and ORDERS as follows:

1. Respondents shall RELEASE Petitioner by 5 p.m. on March 26, 2026 under the same conditions as his May 20, 2020 release on $15,000 bond.  Respondents shall file an affidavit attesting to Petitioner's release by 5 p.m. on the following business day.

2. The Court ENJOINS Respondents from redetaining Petitioner during the pendency of his removal proceedings without first providing a bond hearing before an immigration judge to justify the deprivation of his liberty interests.  At any such hearing, the government must carry its burden of demonstrating, by

1

clear and convincing evidence, that Petitioner poses a danger to the public or a flight risk that warrants his detention. *See Singh v. Holder*, 638 F.3d 1196, 1203–05 (9th Cir. 2011).  Respondents SHALL NOT deny Petitioner bond on the basis that 8 U.S.C. § 1225(b) requires or authorizes mandatory detention. *See Pacheco v. LaRose*, No. 3:25-CV-2421-JO-AHG, 2026 WL 242300, *3–*5 (S.D. Cal. Jan. 29, 2026).    The immigration judge must consider Petitioner's financial circumstances and alternatives to bond as necessary in setting conditions of release. *See Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

3. Respondents shall file a declaration attesting to full compliance with these obligations.  Respondents are ENJOINED from redetaining Petitioner **until 48 hours after** filing the declaration.

**IT IS SO ORDERED.**

Dated: March 25, 2026

_____
Honorable Jinsook Ohta
United States District Judge

2

26-cv-1862-JO-AHG